**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane Avington, | No. CV-14-02284-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Bridget S. Bade, (Doc. 26), regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, (Doc. 1). Petitioner's Writ of Habeas Corpus challenges Petitioner's convictions in two different cases in Maricopa County Superior Court, CR 2005-121081-001-SE (the "Connolly case") and CR 2005-034814-001-SE (the "Dunbar case"). The R&R recommends that the petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (Doc. 26 at 32-33 (citing Fed. R. Civ. P. 72(b)).) Petitioner filed objections on October 13, 2015. (Doc. 27.)

The R&R found that the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations, 28 U.S.C. § 2244(d)(1), had expired as to all claims in both cases. In his objections, (Doc. 27), Petitioner argues that the statute of limitations should be equitably tolled under the actual innocence exception, which requires a petitioner to "show that it is more likely than not that no reasonable juror

would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). In support, Petitioner submitted the affidavit of Lottie Connolly, (Doc. 24 at 3-4; Doc. 27 at 17-20). Regarding the Connolly case, the credibility of Connolly's affidavit is called into question because of her relationship with Petitioner, her prior felony convictions, and her prior inconsistent statement. At trial, two unimpeached witnesses testified about the assault, as well as the police officers who took Connolly's statement and photos of her injuries. The Connolly affidavit does not support a finding that no reasonable juror would have convicted Petitioner, and is therefore insufficient to establish the actual innocence exception in the Connolly case.

The result is no different in the Dunbar case. In that case, two officers testified that Connolly's statements to them, like the statements in her affidavit, were that her boyfriend, not Petitioner, had beaten Dunbar. Additionally, Petitioner's fiancée testified at trial that Petitioner was with her in California at the time of the events. The Connolly affidavit repeats this same evidence, which the jury considered and rejected. Not only is the Connolly affidavit cumulative, it does not meet the *Schlup* standard. The victim and two neighbors positively identified the Petitioner as the assailant. Therefore, Petitioner has failed to establish that it is more likely than not that no reasonable juror would have convicted him in the Dunbar case.

In conclusion, the Court agrees with the Magistrate Judge's determination that the limitations period has run on both the Connolly and Dunbar cases. Petitioner has not established a basis to toll the statute of limitations on any claim in either case. The Court also declines to issue a certificate of appealability because the dismissal is based on a plain procedural bar and reasonable jurists could not dispute the resolution of this matter. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Nor is Petitioner entitled to appeal in forma pauperis because any appeal would not be taken in good faith given the Court's decision. *See* Fed. R. App. P. 24(a)(3)(A).

1 **IT IS ORDERED** that the R&R, (Doc. 26), is **ACCEPTED**, and Petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), is **DENIED.  IT IS FURTHER ORDERED** that no certificate of appealability shall issue and that Petitioner is not authorized to appeal in forma pauperis.  The Clerk shall terminate this action.

Dated this 22nd day of December, 2015.

Douglas L. Rayes
United States District Judge